IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ZACHARY DON GILLASPIE, §
§
    *Plaintiff*, §
§
v. § CIVIL ACTION NO. H-18-3249
§
MYRA WALKER, *ET AL.*, §
§
    *Defendants*. §

### MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate at the time, filed this amended *pro se* section 1983 complaint claiming violations of his constitutional rights by two prison officers. (Docket Entry No. 7.)

Having screened the amended complaint pursuant to sections 1915 and 1915A and finding that no colorable claim for relief has been raised, the Court DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff names as defendants Huntsville Unit medical grievance officer Myra Walker and disciplinary grievance officer James Booker. He complains that Walker failed to grant his administrative grievance for the return of a $100.00 medical co-pay fee deducted from his inmate trust account. Plaintiff seeks a refund of the $100.00 payment and $100.00 in punitive damages "for deliberate indifference to [the] illegal fee assessment." (Docket Entry No. 7-4, p. 3.)

Plaintiff further complains that defendant Booker failed to grant his administrative appeals of nine prison disciplinary convictions, and that Booker's responses to the grievances contained factual errors and misstatements. Plaintiff's prayers for relief request no specific judicial relief as to Booker's alleged unlawful actions. (Docket Entries No. 7, p. 4; No. 7-4, p. 3.)

## *Analysis*

### *Sections 1915 and 1915A*

This Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### *Administrative Grievances and Appeals*

Plaintiff argues that defendant Walker fabricated facts in response to his prison grievances in order to validate the $100.00 medical fee charge, and failed to order a refund of the payment. Plaintiff further argues that defendant Booker failed to grant his Step II

administrative appeals of nine prison disciplinary convictions and that the Step II responses contained factual errors and inconsistencies.

By complaining that the defendants failed to investigate or resolve his administrative grievances and appeals favorably or to his satisfaction, plaintiff raises no viable section 1983 claims. It is well established that prisoners have no constitutional right to the satisfactory investigation and resolution of prison grievances or administrative appeals. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Nor do their disagreements with the factual content of the grievance and appeal responses give rise to a constitutional issue. Because plaintiff in the instant case was able to file grievances and appeals and receive responses from prison officials with written justification for their actions, he has not stated a due process claim for relief under section 1983. *See Stauffer v. Gearhart*, 751 F.3d 574, 587 (5th Cir. 2014).

Plaintiff's claims for improper investigation and resolution of his administrative grievances and appeals are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

*Deprivation/Theft of Property*

A prisoner has a protected property interest in the funds in his prison account. *Rosin v. Thaler*, 417 F. App'x 432, 434 (5th Cir. 2011) (per curiam). The Fourteenth Amendment protects against the deprivation of property by state actors without due process of law. However, if state law provides an adequate post-deprivation remedy, a negligent or intentional deprivation of property by state officials' random and unauthorized action

does not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019).

Texas law provides a remedy for inmates whose property has been taken in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Aguilar v. Chastain*, 923 S.W.2d 740, 743–44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Plaintiff does not allege that he pursued available state law remedies before filing this lawsuit. Therefore, any claim by plaintiff that defendant Walker unlawfully deducted funds from his trust fund account for medical fees is not actionable under 42 U.S.C. § 1983 and is legally unfounded. *See Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

Nor may plaintiff proceed on a claim for theft of the funds. The Fifth Circuit Court of Appeals recognizes that the prison system may take funds from an inmate's trust fund account for medical care. *Morris v. Livingston*, 739 F.3d 740, 748 (5th Cir. 2014). Plaintiff acknowledges that he filed grievances and I-60s challenging the assessment and deduction, but that the assessment was upheld. His disagreements with the factual propriety of the assessment does not give rise to a due process violation. As such, plaintiff fails to state facts establishing that a theft of his property occurred. Moreover, to the extent plaintiff is attempting to bring a direct claim for state law theft against the defendants, the claim is without merit. The Texas Penal Code does not create a private cause of action. *See Thornton v. Merchant*, C.A. No. H-10-0616, 2011 WL 147929 (S.D. Tex. Jan. 18, 2011).

Plaintiff's claims for deprivation of property and/or theft are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

*Deliberate Indifference*

Plaintiff includes in his amended complaint a section entitled, "Brief Summary of HV [Huntsville] CGO [Chief Grievance Officer] 'failure to protect.'" (Docket Entry No. 7-4, pp. 1–3.) In the section, plaintiff asserts that he was assaulted by an inmate at the Allred Unit and incurred a broken nose. He appears to complain that, had he been properly assigned to a single cell, the incident would not have occurred and he would not have received a disciplinary conviction for the incident. Ultimately, however, plaintiff complains that he should not have been assessed the $100.00 medical fee because it was an emergency evaluation of injuries that were the prison's fault. He requests a return of the medical fee and an additional $100.00 as punitive damages for "deliberate indifference to [the] illegal fee assessment." (Docket Entry No. 7-4, p. 3.)[1]

Plaintiff's allegations of deliberate indifference as to the $100 fee assessment fail to raise a claim for which relief can be granted under section 1983. To establish deliberate indifference, a prisoner must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal

---

[1]Plaintiff's additional request for "fee-free medical services" until April 11, 2019, is moot, as plaintiff is no longer incarcerated through the Texas Department of Criminal Justice.

quotation marks and citation omitted). Plaintiff argues that the $100.00 fee assessment was improper because his physical evaluation was required by prison officials and that his injuries were not his fault despite his false disciplinary conviction. No viable claim for deliberate indifference is raised by plaintiff's factual allegations regarding the medical fee deduction.

Plaintiff's factual allegations and disagreement with being charged the $100.00 fee do not give rise to a claim for deliberate indifference. These claims are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

*Failure to Protect*

Although plaintiff uses the phrase "failure to protect" in reference to the prison's assessment of the $100.00 fee, it is unclear whether he is attempting to raise other, unrelated issues. Because plaintiff has limited his claims and judicial relief to recovery of the $100.00 assessment fee and $100.00 in punitive damages, the Court declines to construe his amended complaint as raising Eighth Amendment claims for deliberate indifference to his safety. Moreover, any claims for events occurring at the Allred Unit would not fall within the jurisdiction of this Court.

If plaintiff wishes to pursue claims for failure to protect or deliberate indifference as to his physical safety, he must file a timely separate section 1983 lawsuit in a court of proper jurisdiction and pay the required filing fee.

*Habeas Claims*

Plaintiff clearly complains that defendant Booker failed to grant or properly investigate plaintiff's Step II administrative appeals as to his nine disciplinary convictions. (Docket Entry No. 7-3, p. 1; "Plaintiff . . . asserts the following inconsistencies found in the Step II disciplinary appeals asserted by respective investigators."). Plaintiff's factual allegations, as noted above, do not give rise to viable claims for relief under section 1983. However, it is unclear whether plaintiff is also attempting to raise habeas challenges to the disciplinary convictions themselves.

In context of a disciplinary hearing and conviction, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). *Wolff* and its progeny set forth the limited due process rights to which a prisoner is entitled as to disciplinary proceedings. In his amended complaint, plaintiff sets forth nothing more than his disagreements with the Step II grievance officers' responses, and does not raise any constitutional due process deficiencies under *Wolff*. Because plaintiff may not join habeas claims with his section 1983 claims, and because he has not alleged any cognizable habeas claims under *Wolff*, the Court declines to construe this lawsuit as raising claims for habeas relief under section 2254 as to the disciplinary convictions. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

It further appears that none of the nine disciplinary proceedings took place within the jurisdiction of this Court. According to plaintiff, two of the convictions occurred at

the Hutchins Unit in Dallas, Texas; three others occurred at the Daniel Unit in Snyder, Texas; and the remaining four convictions occurred at the Allred Unit in Iowa Park, Texas. These prison units are not located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

If plaintiff intends to pursue habeas challenges to any of the prison disciplinary convictions referenced in his complaint, he must file a timely habeas petition in a court of proper jurisdiction as to each challenged conviction and pay the required filing fee.[2]

## *Conclusion*

Plaintiff's section 1983 claims are DISMISSED WITH PREJUDICE for failure to state a viable claim upon which relief may be granted under section 1983. Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" for purposes of section 1915(g). Plaintiff is WARNED that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any federal civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

---

[2] A cursory review of plaintiff's prior litigation shows that he unsuccessfully challenged at least three of these nine disciplinary convictions in prior federal habeas lawsuits. *See, e.g.*, *Gillaspie v. Davis*, 2018 WL 3216061 (N.D. Tex. June 13, 2018); *Gillaspie v. Davis*, C.A. No. 17-cv-0177 (N.D. Tex. Feb. 5, 2019).

The Clerk is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order to the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and by e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on March 5, 2020.

Gray H. Miller
Senior United States District Judge